UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
┌─────────────────────────────────────────┐
│ MOSIMABLE A. APATA,                       │
│                                           │
│          Plaintiff,                       │
│                                           │
│     v.                                    │
│                                           │
│ OFFICER JAMES HOWARD, OFFICERS            │
│ JOHN DOES (1-10), OFFICER DAVID           │
│ FORTENBERRY, and TROY DAVIS,              │
│                                           │
│          Defendants.                      │
│                                           │
└─────────────────────────────────────────┘
```

HONORABLE JOSEPH E. IRENAS

CIVIL ACTION NO. 05-3204
(JEI)

**OPINION**

**APPEARANCES:**

Mark W. Catanzaro, Esq.
Blason IV-Suite 208
513 S. Lenola Road
Moorestown, NJ 08057
    Counsel for Plaintiff

FUSCO & MACALUSO, P.A.
By: Paulette L. Pitt, Esq.
PO Box 838, 150 Passaic Avenue
Passaic, NJ 07055
    Counsel for Defendant Officer David Fortenberry

PARKER McCAY P.A.
By: John C. Gillespie, Esq.
    J. Brooks Didonato, Esq.
Three Greentree Centre
7001 Lincoln Drive West
P.O. Box 974
Marlton, NJ 08053
    Counsel for Defendant Officer James Howard

Troy Davis, *pro se*
19 Garrett Lane
Willingboro, NJ 08046

**IRENAS,** Senior District Judge:

    Presently before the Court are Defendant Officer David

Fortenberry's Motion for Permission to File a Motion and Cross-Motion for Summary Judgment Motion Out of Time (Docket No. 73) and his Motion and Cross-Motion for Summary Judgment (Docket No. 71).  The Court decided the Motions for Summary Judgment by Fortenberry's co-defendants in an Opinion and Order issued on September 23, 2008.  *Apata v. Howard*, No. 05-3204, 2008 WL 4372917 (Sep. 23, 2008).

Plaintiff Mosimable Apata initiated this action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986.  His Complaint raises a series of claims under both federal and state law against Fortenberry and his co-defendants.  Plaintiff's allegations pertain to an investigatory stop and two arrests, all of which occurred during a two day span in June of 2003.  As to Fortenberry specifically, the Complaint alleges false arrest and malicious prosecution in violation of federal law (Counts IV and VI) and malicious prosecution in violation of New Jersey law (Count VII).[1]  In addition, Defendant Officer James Howard asserts cross-claims for indemnification and contribution against his co-defendants, Fortenberry and Troy Davis.

For the reasons stated below, the Court will grant

---

[1] It is not clear that Count IV was intended to name Fortenberry as a defendant.  However, Fortenberry interprets Count IV as alleging false arrest against him and so the Court will do the same.  (*See* Def.'s Br. 1-2.)

Fortenberry is also mentioned in Count II of the Complaint, but that count ultimately alleges only that co-defendant Officer James Howard and a series of unnamed defendants violated federal law.

Fortenberry's motions and dismiss Howard's cross-claims.[2]

## I.

The Court will first address Fortenberry's Motion for Permission to File his Summary Judgment Motion and Cross-Motion Out of Time Pursuant to Local Civil Rule 83.2(b).  As mandated by the Order of Magistrate Judge Ann Marie Donio, dispositive motions in this matter were to be filed no later than December 31, 2007.  (Dkt. No. 49.)  On September 23, 2008, the Court issued an Opinion and Order disposing of the summary judgment motions filed by Fortenberry's co-defendants.  *See Apata*, 2008 WL 4372917, at *1.

Fortenberry submitted his summary judgment motion on October 3, 2008, followed by this motion seeking permission to file his dispositive motion.  (Dkt. Nos. 71 & 73.)  In support of the motion seeking permission to file, Fortenberry's attorney certified that the delinquent filing is attributable to her medical circumstances and staffing issues experienced by her firm.  (*See* Certification of Paulette Pitt, Esq. ¶¶ 3-5.)  Citing Local Civil Rule 83.2(b), Fortenberry's attorney contends that injustice to her client would result if the Court refused to consider the delinquent dispositive motion.  (See Def.'s Ltr. Br., Nov. 10, 2008, at 1-2.)  Plaintiff has not submitted an

---

[2]  The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367.  Venue is proper in this Court under 28 U.S.C. § 1391(b)(2).

opposition to Fortenberry's pending motions.

Pursuant to Local Rule 83.2(b), "[u]nless otherwise stated, any Rule may be relaxed or dispensed with by the Court if adherence would result in surprise or injustice." Any relaxation of the Court's deadlines under Local Rule 83.2(b) is a matter of judicial discretion, not one of right. *See Oberti v. Bd. of Educ. of Borough of Clementon Sch. Dist.*, No. 91-2818, 1995 WL 428635, at *3 (D.N.J. Jul. 17, 1995). The relief contemplated by Local Rule 83.2(b) "means more than relief from a party's unexcused negligence." *Id.*

The Court does not doubt the veracity of counsel's representation that she and her firm have experienced certain difficulties over the past year. That said, the disregard by counsel and her firm for the December 31, 2007 dispositive motions deadline is not easily excused. At a minimum, counsel or her colleagues should have contacted the Court by that date to seek an extension of the filing deadline. *See Gear v. Constantinescu*, 741 F.Supp. 525, 526 (D.N.J. 1990) ("[D]efendant could have asked the court for an extension of time to file jurisdictional motions to preserve his right to do so."). Failing that, counsel should have contacted the Court in early 2008 to explain why the dispositive motion was delayed and to request an amended filing deadline. Instead, all indications are that counsel simply awaited the Court's Opinion as to

4

Fortenberry's co-defendants' motions, and then replicated aspects of that Opinion into the brief submitted in support of Fortenberry's dispositive motion.

The particular circumstances of this case are such that the claims against Fortenberry are essentially identical to those already resolved favorably to his co-defendants.  As such, declining to consider Fortenberry's motion could result in injustice.  Therefore, the Court will grant Fortenberry's Motion for permission to file his dispositive motion.

## II.

The Court's Opinion of September 23, 2008 included a thorough recitation of the facts pertinent to Plaintiff's claims, including a description of the relevant conduct by Fortenberry. *See Apata*, 2008 WL 4372917, at *1-*5.  The Court hereby incorporates Part I of that Opinion as if fully set forth herein.

In addition to those facts, the Court notes that Fortenberry is a Newark, New Jersey police officer who was wearing his police uniform and carrying his service firearm during the June 26, 2003 verbal confrontation with Plaintiff outside of Willingboro High School.  (*See* Def.'s 56.1 Stmt. ¶¶ 4, 7, 11, 13.)  Fortenberry remained in uniform when he spoke to Officer Howard at the Willingboro police headquarters following the confrontation with Apata.  (*See id.* at ¶ 26.)

### III.

"Under Rule 56(c), summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).

In deciding a motion for summary judgment, the Court must construe the facts and inferences in a light most favorable to the nonmoving party. *Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). "'With respect to an issue on which the nonmoving party bears the burden of proof, the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case.'" *Conoshenti v. Pub. Serv. Elec. & Gas*, 364 F.3d 135, 145-46 (3d Cir. 2004) (quoting *Celotex*, 477 U.S. at 325). The role of the Court is "not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

## IV.

### A.

First, the Court will grant summary judgment to Fortenberry on all claims brought under 42 U.S.C. §§ 1985 and 1986.  A plaintiff proceeding under § 1985 must allege, among other elements, the existence of a conspiracy motivated by race or class based animus.  *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997).  Under § 1986, a party is liable for neglectfully failing to prevent a violation of § 1985.  *See* 42 U.S.C. § 1986.  Thus, any culpability under § 1986 is necessarily derivative to liability under § 1985.  *Clark v. Clabaugh*, 20 F.3d 1290, 1295, 1295 n.5 (3d Cir. 1994).

As explained in this Court's prior Opinion in this matter, Plaintiff fails to allege the existence of a conspiracy actuated by race or class based animus and thus his §§ 1985 and 1986 claims fail as a matter of law.  *Apata*, 2008 WL 4372917, at *6. Summary judgment will be granted to Fortenberry on all claimed violations of §§ 1985 and 1986.

### B.

Plaintiff's remaining federal claims against Fortenberry, for false arrest and malicious prosecution, are pursuant to 42 U.S.C. § 1983.  Section 1983 "provides a cause of action for any person who has been deprived of rights secured by the Constitution or laws of the United States by a person acting

7

under color of law." *Curley v. Klem*, 499 F.3d 199, 206 (3d Cir. 2007).  Plaintiff contends that Fortenberry acted under color of law when he filed an affidavit with the Willingboro Police Department accusing Plaintiff of threatening the lives of Fortenberry and Troy Davis.  That affidavit, along with a similar affidavit filed by Davis, led directly to the issuance and execution of a warrant for Plaintiff's arrest on a charge of terroristic threats.

Although Fortenberry is a police officer, it does not necessarily follow that he was acting under color of law when he filed the affidavit.  The Third Circuit has explained that "[u]nder color of law means under 'pretense' of law.  Thus, acts of officers in the ambit of their personal pursuits are plainly excluded." *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1151 (3d Cir. 1995) (quoting *Screws v. United States*, 325 U.S. 91, 111 (1945) (plurality opinion)); *see also Barna v. City of Perth Amboy*, 42 F.3d 809, 816 (3d Cir. 1994) ("[A] police officer's purely private acts which are not furthered by any actual or purported state authority are not acts under color of state law.").  Thus, the pertinent question is whether Fortenberry's filing of the affidavit occurred in the course of his personal pursuits.

An Illinois district court evaluated facts resembling the present case in *Smith v. Avent*, No. 98 C 4389, 1999 WL 33891

(N.D. Ill. Jan. 15, 1999).  In that case, a police officer swore out a criminal complaint alleging harassment against Smith.  *Id.* at *1.  The officer filed the complaint in the same police district in which she was employed and resulted in the issuance and execution of a warrant for Smith's arrest.  *Id.*  Smith brought a § 1983 action against the officer, alleging false arrest and malicious prosecution.  *Id.*  The police officer moved to dismiss the complaint on the basis that she was not acting under color of law when she filed the harassment complaint.  *Id.* The district court granted the officer's motion to dismiss, explaining that "[the officer's] conduct is simply that of a complaining witness; filing a criminal complaint is an act of a private citizen."  *Id.* at *3; *cf. Boyce v. Eggers*, 513 F.Supp.2d 139, 144 (D.N.J. 2007) (finding that a municipal employee was not acting under color of law when she filed a complaint with the police via the same method as would any private citizen).

The Second Circuit reached a similar conclusion on the issue of state action in *Bennings v. Kearney*, 2 F.App'x 218 (2d Cir. 2001).  In *Bennings*, a police officer filed a complaint in his home precinct alleging that his daughter had been assaulted by her fiancee; the assault purportedly occurred within the jurisdiction of that precinct.  *Id.* at 219-20.  After being arrested on suspicion of assault, the fiancee brought suit under § 1983 against a group of defendants, including the complaining

police officer. *Id.* at 219. The district court granted summary judgment to the police officer, finding that he was not acting under color of law when he filed the assault complaint. *Id.* at 220. The Second Circuit affirmed the grant of summary judgment, reasoning that the officer, by reporting his daughter's allegations to the police, was merely acting as "any responsible parent would[.]" *Id.* The panel also noted the absence of any indication that the officer used his authority to influence the investigation of the alleged assault. *Id.*

Like the police officers in *Smith* and *Bennings*, Fortenberry's conduct in this case was that of a private citizen. Although Fortenberry is a police officer, he filed the affidavit with the Willingboro police in the same fashion as would any member of the public. Troy Davis, a private citizen, filed his affidavit with the Willingboro police via the same process Fortenberry followed. There is no indication that Fortenberry's status as an officer influenced the Willingboro Police Department's investigation of Apata. Thus, the Court holds that Fortenberry filed the affidavit with the Willingboro police "in the ambit of [his] personal pursuits[,]" not under color of law. As a result, the Court will grant summary judgment to Fortenberry on all claimed violations of § 1983.

## C.

In Count VII, Plaintiff claims he was maliciously prosecuted in contravention of New Jersey law.  Specifically, he argues that Fortenberry violated the law by swearing out an affidavit accusing Plaintiff of threatening Fortenberry and Troy Davis. Under New Jersey law, a malicious prosecution plaintiff must establish all four of the following to succeed: "(1) that the criminal action was instituted by the defendant against the plaintiff, (2) that it was actuated by malice, (3) that there was an absence of probable cause for the proceeding, and (4) that it was terminated favorably to the plaintiff." *Helmy v. City of Jersey City*, 836 A.2d 802, 806 (N.J. 2003) (citing *Lind v. Schmid*, 337 A.2d 365, 368 (N.J. 1975)).

Apata's malicious prosecution claim must fail because he is unable to establish favorable termination, the fourth element of the applicable legal standard.  New Jersey appellate authority holds that "[t]here is no favorable termination where the complaint was withdrawn pursuant to an agreement of compromise with the accused." *Pascussi v. Twp. of Irvington*, 46 F.App'x 114, 116 (3d Cir. 2002) (quoting *Rubin v. Nowak*, 590 A.2d 249, 250-51 (N.J. Super. Ct. App. Div. 1991)).

In this case, Plaintiff stated that his mediation agreement with Fortenberry and Davis included the dismissal of all criminal charges against him stemming from the incidents of June 26 and

11

27.[3]  That compromise agreement is not adequately favorable to

satisfy the elements of a malicious prosecution action under New

Jersey law.  Therefore, Fortenberry will be granted summary

judgment as to Count VII.

### V.

Defendant Howard asserts cross-claims for indemnification

and contribution against his co-defendants, Fortenberry and Troy

Davis.  The Court previously granted summary judgment to Davis as

to the sole allegation against him by Plaintiff, a state law

claim of malicious prosecution.  *See Apata*, 2008 WL 4372917, at

*1, *16.  The Court has now determined that Fortenberry is

likewise not liable to Plaintiff.  As the cross-claims against

Fortenberry and Davis are contingent upon a finding of liability

to Plaintiff, dismissal of those cross-claims is warranted.  *See*

*generally Cherry Hill Manor Assocs. v. Faugno*, 182 N.J. 64, 72

(2004) ("It is well settled that the true test for joint

tortfeasor contribution is joint liability and *not* joint, common

or concurrent negligence."); *Promaulayko v. Johns Manville Sales*

*Co.*, 116 N.J. 505, 511 (1989) ("common-law indemnity [is] an

---

[3] According to that document, Apata agreed to dismiss his "charges"
against defendants in exchange for the dismissal of criminal charges against
him.  (Willingboro Court Mediation Program Consent Order.)  It is unclear from
the record what charges by Apata were pending when he signed the mediation
agreement on February 26, 2004; the current federal action was not initiated
until June 24, 2005.

Fortenberry has not argued that the mediation agreement bars the current
federal action.  The Court expresses no opinion on whether such an argument
would be meritorious.

12

equitable doctrine that allows a court to shift the cost from one tortfeasor to another."). Therefore, the Court will dismiss Defendant Howard's cross-claims against Fortenberry and Davis.

**VI.**

For the reasons set forth above, the Court will grant Fortenberry's motions in their entirety and dismiss all cross-claims by Defendant Howard. The Court will issue an appropriate Order.


Dated:  January __6th__, 2009


                               __s/  Joseph E. Irenas_____
                               **JOSEPH E. IRENAS, S.U.S.D.J.**